IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAVON PAUL SCARBROUGH,
*Plaintiff*,

v. : CIVIL ACTION NO. 18-CV-1821

DEPARTMENT OF CORRECTIONS
NCP,
*Defendant.*

FILED
JUN 07 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

QUIÑONES ALEJANDRO, J.            JUNE 7, 2018

Plaintiff Tavon Paul Scarbrough, an inmate currently incarcerated at the Northampton County Jail, has filed this *pro se* action pursuant to 42 U.S.C. § 1983. He has also filed two motions to proceed *in forma pauperis* (ECF Nos. 5, 8), as well as a motion for the appointment of counsel (ECF No. 10). For the following reasons, this Court will grant Scarbrough leave to proceed *in forma pauperis*, dismiss his complaint with leave to amend, and deny his request for counsel at this time.

**I. FACTS**

In the caption of his complaint, Scarbrough names "Department of Corrections NCP" as the sole defendant. On the second page of the complaint, however, Scarbrough mentions as defendants (1) John Harmon, a classification official at the Northampton County Jail, and (2) "All members of Classification, Lieutenants @ NCP." His claims are based on conditions at the Northampton County Jail during his incarceration there.

Scarbrough alleges that he has been "deprived of safety and also deprived medically, and denied recreation 30 days." (Compl. at 4.) He contends that he told Mr. Harmon, the head of

classification, that he was a "gang dropout and had enemies on the gallery and was purposely with the intent to potentially harm me, he still put [him] there and [Scarbrough] was assaulted and placed in the hole 3/23/18." (*Id.* at 5.) About a month prior to this incident, Scarbrough was on work release "and there [were] claims [he] was under the influence and put in the hole, [he] was urine screened and was negative for all substances, and still was given 30 days hole time with no recreation." (*Id.*) As for injuries, Scarbrough lists: "1. Major migraines/headaches 2. CO footprint on back 3. Bruises on both ankles and feet 4. Bruise behind ear 5. Forehead bruise 6. Loss of memory 7. Pain in all mentioned areas 8. Old hernia injury aggravated 9. Scratches and bruised miscellaneously." (*Id.*) He states that the only medical treatment he received was "triple antibiotic ointment 0.9 gram package to be exact." (*Id.*) As relief, Scarbrough requests damages as well as "reform as much as humanly possible." (*Id.*)

## II. STANDARD OF REVIEW

This Court will grant Scarbrough leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, Scarbrough's complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii) review, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements

---

[1] However, because Scarbrough is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

do not suffice." *Id.* As Scarbrough is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

In additipon, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. The Complaint Fails to State a Claim as Pled

It is difficult to determine whether Scarbrough has a basis for a plausible claim due to the generalized manner in which the complaint is pled. As noted above, Scarbrough names "Department of Corrections NCP" in the caption of his complaint, but names John Harmon and "All members of Classification, Lieutenants @ NCP" on the second page of his complaint. Accordingly, it is difficult to determine who the Defendants are in this case, making it difficult to assess the validity of Scarbrough's claims.

Although it is appropriate for Scarbrough to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual named in the complaint was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known

3

deficiencies in a policy or procedure that violated Scarbrough's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). It is not proper for Scarbrough to sue the entire Classification staff at the Northampton County Jail based on allege failures by that department unless each and every staff member was personally involved in violating his rights. In other words, it is insufficient to pin liability on every staff member based solely on the fact that those staff members are part of a flawed system, if that is what Scarbrough is trying to do. Instead, Scarbrough must limit his claims to those individuals and entities who played a role—whether through acts or inaction—in violating his rights. With the exception of Scarbrough's claims against Harmon, his allegations are insufficient to state a claim without any reference to which specific individual engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

In sum, Scarbrough cannot move forward on his current complaint as pled because it is not clear who he named as Defendants or what each individual did to violate his rights. Accordingly, the Court will dismiss the complaint with leave to amend so that Scarbrough can clarify and narrow his claims where appropriate. Some of Scarbrough's claims also suffer from other deficiencies, which the Court will address below.

### B.  Additional Deficiencies

As noted above, Scarbrough has named "Department of Corrections NCP" as the sole defendant in the caption of his complaint. To the extent Scarbrough is referring to the Northampton County Jail, a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has

4

held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted). To the extent he seeks to proceed against the Northampton County Department of Corrections, his complaint fails to allege that his injuries were caused by an official municipal custom or policy. *See Capozzi v. Northampton Cty.*, No. 08-cv-1480, 2009 WL 2854859, at *3 n.6 (E.D. Pa. Sept. 3, 2009).

Scarbrough also appears to suggest that his due process rights under the Fourteenth Amendment were violated when he was placed in "the hole" based upon false allegations that he was under the influence. "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Scarbrough's thirty-day sentence in disciplinary custody is not sufficient to trigger due process protections. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) ("[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." (quoting *Sandin*, 515 U.S. 472 (1995))); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)). Moreover, Scarbrough's complaint fails to allege that he did not receive a hearing and an opportunity to rebut the charges. *Mensinger*, 293 F.3d at 653-54; *see also Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986). Thus, as pled, the complaint fails to establish a due process violation.

Scarbrough also fails to allege a plausible claim regarding the lack of recreation during his time in "the hole." While "meaningful recreation 'is extremely important to the psychological and physical well-being of . . . inmates,'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988) (quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), nothing in the complaint suggests that the lack of recreation time threatened Scarbrough's health. *See French v. Owens*, 77 F.2d 1250, 1255 (7th Cir. 1985) (concluding that lack of exercise may rise to a constitutional violation only if the deprivation is such that "movement is denied [to such extent that] muscles are allowed to atrophy [and] the health of the individual is threatened"). Thus, the complaint fails to state a claim regarding the conditions Scarbrough endured while in "the hole."

Finally, to the extent Scarbrough alleges that he has not received medical adequate care, his claims, as pled, are deficient. To state an Eighth Amendment claim based on deficiencies in medical care, a prisoner must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Although Scarbrough provides a list of injuries that he claims to have suffered, nothing in the complaint provides any facts alleging that any officials at the Northampton County Jail were deliberately indifferent to his medical needs.

## IV. CONCLUSION

For the foregoing reasons, this Court grants Scarbrough leave to proceed *in forma pauperis*, and dismisses his complaint without prejudice to amendment. Scarbrough's motion for the appointment of counsel will be denied without prejudice to reassertion if Scarbrough files an amended complaint. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.